**Application of David M. GOODMAN.**
**Patent Appeal No. 8875.**

United States Court of Customs
and Patent Appeals.
May 10, 1973.

David M. Goodman, pro se.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; R. V. Lupo, Eugene F. Desmond, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

MARKEY, Chief Judge.

This is an appeal from the decision of the Board of Appeals affirming the examiner's rejection for obviousness under

35 U.S.C. § 103 of claims 12, 39, 42–48, 51–54, 56–61, and 64–70 of appellant's application serial No. 345,197, filed February 17, 1964, entitled "High-Sensitivity Beam-Index and Heaterless Cathode Ray Tubes." We affirm as to some claims and reverse as to others.

### The Invention

The invention relates to an index signal detecting means for color cathode ray tubes of the type wherein a single electron beam scans strips of different color-producing phosphors on the target screen. The detected signals are used to "index" or synchronize the sequential switching action necessary in such a tube to obtain an image having its colors in registration.

Three major embodiments are disclosed. These differ mainly in the positioning and shape of an optical fiber detector (or receiver) that is employed and are grouped generally as follows by appellant:

I. One embodiment relates to a color television tube with specially shaped, internally and externally disposed light pipe members. An index-type target screen on the tube faceplate includes repeating groups of red, green, and blue phosphor strips and interspersed indexing strips. Electromagnetic radiation emanates from the indexing strips and spreads out into the interior of the tube as a beam travels across the screen. A light pipe of glass which is either itself scintillating (emitting a flash of light in response to an ionizing particle or photon) or else has its end coated with a scintillating material is disposed in the neck of the tube to pick up the radiation and convert it to optical signals. The latter pass to the end of the tube and are picked up by a second, external light pipe surrounding conventional electrical pin connectors and conveyed to an indexing device. In one modification, the faceplate glass has the same index of refraction for the signal as the indexing strips. An electron gun bombards all of the strips. The index signals are "light-piped" within the faceplate, and through the tube envelope including the neck section that surrounds the pin connectors. An external light pipe with an end surrounding the pin connectors transmits the signals to beam indexing means.

II. A second embodiment involves forming the index strips of portions of light pipes contiguous with the target screen. The contiguous portions are coated with an electron sensitive index phosphor (scintillator) or may be made from a scintillating glass. Signals in the indexing portions are conveyed by external portions of the pipes to an indexing means.

III. A third embodiment relates to an index signal detector of a scintillating material having a decay time constant "not much greater than four nanoseconds."

For completeness, all of the independent claims 12, 39, 42, 44, 47, 51, and 56 are set out as representative:

12. A cathode ray tube having an envelope with an electron gun section for providing a scannable electron beam and a target screen comprising electron-sensitive scintillating optical fibers disposed along, and not perpendicular to, the target screen on the side thereof which is to be impinged upon by the electron beam.

39. In combination: (1) a line-screen color cathode ray tube of the beam-index variety having a target screen which furnishes index signals indicative of the position thereon of the impinging cathode rays, with (2) index-signal deriving means comprising a scintillator which generates electromagnetic radiation in the optical frequency range as a consequence of excitation by the index signals, said scintillator having a decay time constant not much greater than four nanoseconds.

42. In combination: a cathode ray tube having a target screen within an envelope containing a cylindrical-like neck section having a vacuum tight end section through which a plurality of electrical pin connectors, are hermetically sealed, and an externally dis-

posed hollow cylindrical-like light pipe means positioned with one end proximate said end section and surrounding the pin connectors, thereby to pick up optical radiation transmitted through the envelope of the tube from said target screen.

44. A color cathode ray tube of the beam index variety comprising an envelope containing a target screen and an electron gun, said screen containing different color generating elements together with index signal generating elements, in combination with means for transmitting optical signals representative of the index signals, said means comprising a hollow cylindrical light pipe positioned to surround the electron gun and also positioned adjacent to and concentric with the interior surface of the envelope of the tube.

47. A cathode ray tube having an envelope with an electron gun section for providing a scannable electron beam and a target screen including optical fibers disposed along, and not perpendicular to, the target screen wherein a glass-like electron-sensitive scintillator material is adhered to the optical fibers on the side thereof which is to be impinged upon by the electron beam.

51. In a beam index apparatus comprising a scannable beam of energy, a target screen, and a control system responsive to the position of the beam on the target screen for controlling the excitation of the target screen, the improvement of the target screen comprising: a plurality of light pipe elements located substantially parallel to the target screen on the side thereof facing the scanning beam of energy, whereby optical index signals generated at the target screen as a result of excitation by the scanning beam are transmitted through the light pipes to exit terminals where they are used to synchronize the control system.

56. A beam index multi-color display device comprising: means for developing a scannable beam of energy; a target screen adapted to be impinged upon by the beam of energy; means for scanning the beam across the target screen; means associated with the target screen for generating optical index signals which indicate the position on the target screen of the beam of energy; means responsive to the optical index signals for controlling the beam of energy thereby to synchronize the energization of the target screen; including light pipe means positioned with respect to the target screen so that the optical index signals generated as a result of excitation at different regions of the target screen are transmitted through the light pipe means in a direction substantially parallel to the target screen to a peripheral region thereof.

For purposes of this appeal, it is unnecessary to discuss the additional recitations in the dependent claims except for claim 66. The feature of that claim significant here is that it adds to claim 56 a recitation that the light pipe means comprises "a plurality of elongated light pipes disposed on the interior surface of the faceplate."

*The Prior Art*

The following patents were cited:

| | | | |
|---|---|---|---|
| Bradley et al. | 2,749,449 | June | 5, 1956 |
| Goodman | 2,915,659 | Dec. | 1, 1959 |
| Bradley | 3,027,219 | March 27, 1962 |
| Knocklein | 3,198,881 | Aug. | 3, 1965 |
| | | (filed 3–19–62) | |

Bradley et al. discloses a color television tube with vertical indexing strips separating recurring triplets of red, green, and blue color phosphors on the inside surface of the screen. The indexing strips scintillate in response to electron bombardment to produce signals. The inside of the tube is coated with a material that reflects the signals through a lens in the tube envelope to a sensor serving as part of an indexing means.

Goodman '659 relates to a cathode ray tube having spaced radiation-emitting index rings on its screen interior. An elongated light pipe which may be hollow is disposed in the neck portion of the tube, extending from a point where

the conical portion of the tube envelope begins to the base of the tube adjacent the pin connections. The end of the light pipe detects signals emanating from the rings as the electron beam sweeps across them. The signals are transmitted through the pipe to means disposed outside the tube for indexing.

Bradley discloses parallel scintillating filaments or light pipes disposed over the outside of the faceplate. A phosphor screen is deposited on the inside of the faceplate. A "collimating structure" is disposed between the light pipes and the faceplate. The "collimating structure" includes vertical baffles that insure that any excited spot on the screen can illuminate only one or two adjacent light pipes. The light pipes scintillate in response to radiation from the screen and transmit signals to a film for recording.

Knocklein discloses a film scanning transmission system using fiber optics in a cathode ray tube. The tube includes a plurality of light pipes with their inner ends arranged in a circle to be scanned by the electron beam of the tube. From there the pipes flare out so that their outer ends form a straight line. A recess etched in the individual inner ends of the light pipes is filled with a phosphor "scintillator" material. The intensity of the electron beam can be varied in response to a video signal so as to produce an optical image on the linearly disposed ends of the pipes and photographic film may be exposed to that image to record the video signal.

## OPINION

Appellant argues that his own patent, Goodman '659, is an "improper reference" in the apparent belief that he

could, by amending the present application to refer to two of his other patents,[1] negate the use of Goodman '659 as prior art.

However, appellant has not pointed out how the subject matter of the appealed claims is continuously supported throughout the chain which includes those two patents and the present application. Nor is such support apparent to us. Under these circumstances, amending the present application to include "a specific reference to the earlier filed application[s]" (35 U.S.C. § 120) would not entitle appellant to an effective filing date antedating the Goodman '659 reference.

In rejecting claim 39, the examiner held it obvious to use a scintillating material as disclosed by Bradley on the light pipe of Goodman '659 to convert the index signals therein to visible light. The board held that a person skilled in the art would have found Bradley to suggest both the change in frequency of the signals and a manner of making the change. We agree. Moreover, it is apparent that rapid decay of signals is essential for clear indications of the instants at which the beam is in the various index positions. Therefore, we agree with the solicitor that the four nanoseconds limitation in claim 39 "amounts to nothing more than the obvious selection of a parameter to fit the intended use" and will affirm the rejection.

Claim 12 was held unpatentable over Bradley in a prior board decision in the prosecution of this application and in the decision on appeal.[2] Claims 47 and 48 were held unpatentable on the same grounds as claim 12 in the decision on appeal.

1. Patent No. 3,081,414 filed March 20, 1959, issued March 12, 1963, and Patent No. 3,567,985 filed June 2, 1966, issued March 2, 1971 which is stated to be a continuation of application serial No. 212,612 filed July 26, 1962.

2. On the earlier occasion, the instant case came before the board with some claims rejected on art and others for undue multiplicity. Although the board sustained the rejection of certain claims, it reversed the rejection of others including the rejection of undue multiplicity. The latter action brought about further prosecution before the examiner that resulted in the board decision now before us.

The rejection of claim 12 was grounded in the position that it would be obvious to locate the light pipes of Bradley on the inside of the tube instead of the outside. However, Bradley employs the "collimating structure" on the faceplate exterior to focus light passing through the faceplate from various points on the phosphor screen onto corresponding limited areas of the light pipe assembly. Bradley makes no suggestion that the light pipes or "optical fibers" be disposed on the inside, that is, "the side thereof to be impinged upon by the electron beam." Further, no reason for so modifying the location of the pipes of Bradley and no indication of how such a change might be made is supplied by either the examiner or the board. Claims 47 and 48 include the same limitation. Therefore the rejection of claims 12, 47 and 48 must be reversed.

Claims 51–54 and 66–70 also require that plural light pipes be disposed on the interior and parallel to the screen. Bradley and Bradley et al. were applied to these claims, the latter as an alternative to Goodman '659.

We agree that Bradley's disclosure of parallel light pipes *outside* its tube would have made it obvious to modify Bradley et al. or Goodman '659 by providing light pipes *outside* their tubes. However, we find no suggestion in any of these references that such parallel light pipes be provided *inside* the tube. Knocklein was further relied on as to claims 66–70, but the terminals of its bundle of light pipes are, in effect, the screen. On the record here, we cannot see that Knocklein suggests that the light pipes of Bradley be disposed on the interior of the screens of Bradley et al. or Goodman '659. Accordingly, the rejection of claims 51–54 and 66–70 must be reversed.

The examiner, applying the same art as that applied to claims 51–54, correctly observed as to claims 56–61, 64 and 65:

The claims set no restrictions on which side of the target screen the light pipes are to be positioned, and they do not require the light pipes to be attached to the target screen.

We have determined above that the cited combination of prior art patents would have made obvious a structure employing light pipes outside the tube. Appellant has pointed to no other limitations as defining over the prior art. Thus, we will sustain the rejection of claims 56–61, 64 and 65.

Claims 42–46 were rejected as obvious over Goodman '659 with Knocklein and Bradley et al. further applied to claims 44–46. The board regarded these claims as directed to obvious modifications of the light pipes of Goodman '659. The essence of appellant's position seems to be, as set out in his brief before the board, that "there is no good reason expressed [in Goodman '659] why this light pipe should be hollow except for the present teaching where the hollow cylinder also surrounds the feed-through pins." However, the reference expressly states that its pipe, conveying the index signals, illustrated as a rod, "may also be in the form of a hollow cylindrical pipe." We agree that modifications of the light pipes of Goodman '659 to the shape of a hollow pipe would have been obvious particularly in the absence of any evidence showing an unobvious result. Accordingly, we affirm the rejection of claims 42–46.

Appellant argues that "prior art" of his own and of certain others is evidence to support patentability. However, he does not point out any way in which that prior art establishes non-obviousness. Appellant further argues that the issuance of his foreign patents on the instant disclosure is evidence of patentability. It has long been established that that argument has no pertinence to the determination of obviousness. See In re Larsen, 292 F.2d 531, 49 CCPA 711 (1961).

**1370**

For the foregoing reasons the rejection of claims 39, 42–46, 56–61, 64 and 65 is *affirmed* and the rejection of claims 12, 47, 48, 51–54, and 66–70 is *reversed.*

Modified.