**In re Terrance Dale NYLEN.**

**No. 03–1571.**

United States Court of Appeals, Federal Circuit.

DECIDED: April 7, 2004.

John M. Whealan, Principal Attorney, Linda Moncys Isacson, Cynthia C. Lynch, Sydney O. Johnson, Jr., W. Asa Hutchinson III, of Counsels, Arlington, VA, for Appellee.

Terrance Dale Nylen, of Counsel, Minnedosa, MB, for Appellant.

Before MAYER, Chief Judge, BRYSON and LINN, Circuit Judges.

PER CURIAM.

Terrance Dale Nylen ("Nylen") appeals the decision of the Board of Patent Appeals and Interferences ("board"), which affirmed the final rejection of claims 1–12 of Nylen's application, Ser. No. 09/392,552. *In re Nylen,* No.2002–1979 (May 22, 2003). We *affirm.*

We review the decision that Nylen's device is obvious *de novo,* while we review the board's underlying findings of fact for substantial evidence. *See In re Bass,* 314 F.3d 575, 576 (Fed.Cir.2002). Nylen's ap-

plication claims a mode of applying herbicide to weeds. His device combines an applicator bottle, or roll-on applicator in the case of claim 4, with a herbicide and weed coloring element ("dye"). The user is instructed to mark the weed by bringing the applicator bottle, which has been filled with the herbicide and dye, into contact with the weed. In this way, the user directs the application of the herbicide so as to avoid damaging nearby plants and has visual confirmation of which weeds have been treated. The examiner and board both found that Nylen's application should be rejected as obvious. *See* 35 U.S.C. § 103 (2000).

On appeal, Nylen argues that the board erred by considering U.S. Pat. Nos. 5,961,-665 (*"Fishman"*); 4,221,494 (*"Kachur"*); 5,387,745 (*"Brendle"*); and British Application 2120915A (*"Cox"*) relevant prior art. The board was correct to determine, however, that the prior art references were either analogous to the art of weed killing or relevant to the problem of applying a liquid to a surface. *See In re Clay,* 966 F.2d 656, 658–59 (Fed.Cir.1992). *Cox* claimed a device that applies herbicide directly to weeds using an applicator similar to Nylen's. While it is true that the recognized benefit of *Cox* was that it alleviated the need to bend over when applying the herbicide, it clearly teaches the use of an applicator to apply herbicide directly to weeds. Similarly, *Brendle* taught the combination of dye with agricultural chemicals so as to differentiate areas that had been treated from those that had not. That the innovative aspect of *Brendle* involved modifying the dye so as to allay environmental and aesthetic concerns is irrelevant. Finally, *Fishman* and *Kachur* taught the use of an applicator bottle using a spring-release and sponge or a roll-on mechanism, respectively. Therefore, the board's decision that *Cox, Brendle, Fishman,* and *Kachur* are relevant prior art and that each

component of Nylen's device is contained in those references is supported by substantial evidence. *See In re Paulsen,* 30 F.3d 1475, 1481 (Fed.Cir.1994).

The board's finding that there was a motivation to combine these prior art references is also supported by substantial evidence. *See In re Gartside,* 203 F.3d 1305, 1316 (Fed.Cir.2000); *Sibia Neurosciences, Inc. v. Cadus Pharm. Corp.,* 225 F.3d 1349, 1356 (Fed.Cir.2000). While the references do not themselves indicate that they should be combined, the nature of the problem to be solved (i.e., applying herbicide directly to weeds without damaging nearby plants and having an indication of which weeds have been treated) would undoubtedly lead a person of ordinary skill in the art to consult prior art regarding: (1) techniques for applying herbicide; (2) techniques for marking the location of applied herbicide; and (3) apparatus used to apply a liquid directly to a surface. *See In re Rouffet,* 149 F.3d 1350, 1355 (Fed.Cir. 1998). Having done so, it would be obvious to combine the elements to form Nylen's device. *See In re Gartside,* 203 F.3d 1305, 1319 (Fed.Cir.2000).

█ Finally, Nylen contends that because Canada granted him a patent on his weed-killing device it cannot be obvious. The issuance of a foreign patent, however, is not relevant to the determination of obviousness. *Application of Goodman,* 476 F.2d 1365, 1369 (CCPA 1973).